### Robert Shipp v. Commonwealth.

**Criminal Law—Admissibility of Evidence.**

> Where the commonwealth in a criminal case has proven a part of a conversation, the defendant has a right to prove the entire conversation.

**Evidence of Threats.**

> It is not error to refuse to allow the defendant in a criminal case to prove threats upon his life made by the deceased where there is no offer to prove that such threats were communicated to defendant before the killing.

### APPEAL FROM MARION CIRCUIT COURT.

March 25, 1876.

Opinion by Judge Cofer:

The commonwealth having proved a part of the conversation in which the appellant admitted his identity, he had a right to have all he said in that conversation tending to explain his departure from the state and the assumption of another name, given to the jury; and the court erred in refusing to allow him to prove that in that conversation he appealed to the sheriff to protect him against violence when they got back to Lebanon. Such appeal, if made in good faith, tended to show that he had apprehended violence, and if the jury, in view of all the facts, believed that he really apprehended mob violence in case he was arrested or surrendered himself, that apprehension would have tended to rebut any inference unfavorable to him which they might otherwise have been inclined to make from his flight and change of name. And for the same reason he should have been allowed to prove that there were rumors of an intention on the part of those in search for him to do him violence in case he was arrested.

It does not matter that these rumors may have been exaggerated or even wholly false. The question was whether he fled from a sense of guilt or from an apprehension that it would be unsafe to remain, and as one is justified in acting in self-defense upon facts as they appear, and will be equally excusable, whether appearances were real or not, so in deciding whether safety required flight, he had a right to act upon the information he received, which was probably true, even though it may have turned out to be untrue.

The court also erred in permitting the commonwealth to prove the conversation between the appellant and his brother and Short. That

conversation could not in any way illustrate the issue being tried; but as it tended to prove improper conduct on the part of the appellant, it was calculated to prejudice the jury against him and to deprive him of a fair trial.

But the court did not err in refusing to allow the appellant to prove that the deceased had threatened the life of J. A. Shipp. There was no offer to prove that the supposed threats had been communicated. But counsel claim that the evidence tended to show that the fight occurred some forty yards from where the appellant stood, and that if the deceased had threatened the life of James, the jury might have inferred that the deceased commenced the fight.

The argument to sustain this view is, as we understand it, that if James commenced the fight he would have commenced nearer to where Robert was, and so have been in reach of help, while if the deceased commenced it, he would naturally have wished to be as far from Robert as possible before beginning to attack. This argument is plausible, but it is based solely upon conjecture, and seems to us to prove, if it proves anything, that when there are no witnesses to the act of killing it would always be competent for the defense to prove threats, although never communicated. The inference that the deceased made the attack would be just as reasonable and just as strong in the one case as in the other, yet we understand the rule to be well settled that in the latter class of cases evidence of threats not communicated is inadmissible.

Instruction No. 1 is unobjectionable, but Nos. 2 and 3 are erroneous. One who is present at the commission of a crime by another, cannot be a party to the commission of that crime, unless, knowing of the intention of the other to commit it, or some other connecting in some way with it, he voluntarily accompanies him for the purpose of aiding or encouraging its commission, or actually does some act which aids or encourages the principal offender in the unlawful act. If without any knowledge that a wrong is intended he is voluntarily present, he cannot become a party to the crime unless he does some act which either aids or encourages its commission. If there were no previous understanding between the appellant and his brother that if an altercation occurred with the deceased the appellant was to engage in it, or to render assistance, and he did no act to aid or encourage his brother to kill or to injure the deceased, he is not guilty of a crime of which human laws can take cognizance, although he may have approved all that his brother did.

For the errors indicated the judgment is *reversed,* and the cause is remanded for further proceedings.

*J. W. Jones, Russell Averitt, C. S. Hise, for appellant.*
*T. E. Moss, for appellee.*